**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MARION BRUCE JOHNSON,**

    **Plaintiff,**

    v.                                         **CASE NO.  18-3013-SAC**

**CORIZON HEALTH, INC., et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Marion Bruce Johnson is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this case should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

Plaintiff filed this civil rights action alleging that he was denied proper medical care during his incarceration at the Montgomery County Jail.  Plaintiff names as Defendants:  Corizon Health, Inc.; Correct Care Solutions; and the Montgomery County Jail Clinic.  Plaintiff filed a supplement (Doc. 4) adding the Montgomery Sheriff's Department as a defendant.

Plaintiff alleges that while he was in the Montgomery County Jail on January 1, 2016, he had kidney stone complications.  He went to the clinic in the jail and was given Bactrim for his kidney stones.  The Bactrim was a "bad batch" that had been recalled.  The Bactrim gave Plaintiff "gigantic boils" that burst and ate at Plaintiff's flesh.  The doctor working for Corizon Health Inc./Correct Care Solutions released Plaintiff from jail on January 21, 2016, so that Plaintiff could go to the hospital.  Plaintiff was taken by ambulance to the Coffeyville Regional Hospital on January 22, 2016, and subsequently life-flighted to Via Christi-St. Francis, in

Wichita, Kansas.[1]  While at Via Christi Plaintiff had a "whole trail of flesh-eating bacteria" removed from his body.  They also removed a baseball-sized flesh-eating bacteria from behind Plaintiff's right knee.  Plaintiff alleges that he almost died and after the surgery, and that he suffered a heart attack on April 29, 2016.  Plaintiff alleges that "the defendants" caused physical damage to Plaintiff and gave him a bad batch of Bactrim that they "knew was bad."   Plaintiff alleges that "the defendants" were grossly negligent.  Plaintiff claims his leg is permanently damaged and seeks actual and punitive damages.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

---

[1] Plaintiff attaches medical records from Coffeyville Regional Medical Center, VA Heartland-West, and the medical transportation company, showing Plaintiff was treated for an inguinal abscess and gangrene. Plaintiff has not alleged claims for the medical care he received by these providers. The attachments state that Plaintiff was in the Montgomery County Jail when a "boil" was noted to the inner right groin, and Plaintiff stated that he was given two rounds of antibiotics before he was released from the jail. (Doc. 1–1, at 3.)

Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the

line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Exhaustion of Administrative Remedies

Plaintiff states in his Complaint that he has mailed a "Demand/Settlement Letter" to Corizon Health Care, Correct Care Solutions and the Pharmaceutical Companies. (Doc. 1, at 7.)

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies prior to filing a lawsuit in federal court regarding prison conditions. 42 U.S.C. § 1997e(a). Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).[2] While failure to exhaust is an affirmative defense rather than a pleading requirement, and a plaintiff is not required to plead it in the complaint, when that failure is clear from materials filed

---

[2] To satisfy this requirement, a prisoner must fully comply with the institution's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Little,* 607 F.3d at 1249 (The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures.") (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim. . . ." *Id.* (citing *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002)).

by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

This action is subject to dismissal because it appears from the face of the Complaint that Plaintiff failed to fully and properly exhaust all available prison administrative remedies on his claims prior to filing this action in federal court. Because failure to exhaust appears from the face of the Complaint, Plaintiff is required to show that he has fully and properly exhausted on each of the grounds raised in the Complaint.

### 2. *Improper Defendants*

Plaintiff names Corizon Health, Inc., Correct Care Solutions, the Montgomery County Jail Clinic, and the Montgomery Sheriff's Department as defendants. To impose § 1983 liability on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "that a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 387 (1989). Plaintiff has pointed to no policy or deficiency in the training

program used by the Montgomery County Sheriff's Department and no causal link between any such inadequacy and the allegedly unconstitutional acts or inactions of employees at the jail.

Plaintiff also names Corizon Health, Inc., and Correct Care Solutions as defendants. In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell*." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (2014) (unpublished) (citations omitted).

This action is subject to dismissal as against Defendants Corizon Health, Inc., Correct Care Solutions, the Montgomery County Jail Clinic, and the Montgomery Sheriff's Department, because Plaintiff has not alleged the requisite causative custom or policy.

Plaintiff fails to identify the individual defendants responsible for prescribing and administering the allegedly defective Bactrim. Plaintiff refers to "the defendants" throughout his Complaint. Plaintiff states that "Corizon Healthcare, Inc./Correct Care Solutions was responsible for prescribing/giving a bad batch of flesh-eating Bactrim to the Plaintiff." (Doc. 1, at 5.) Plaintiff also alleges that "the pharmaceutical companies" were responsible for making, manufacturing, and distributing a bad batch of Bactrim.

### 3. *Denial of Medical Care*

Plaintiff claims that he received a bad dose of Bactrim. Plaintiff does not specifically name the person responsible for prescribing the drug.

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. [3] "[D]eliberate indifference to serious medical needs of prisoners constitutes the

---

[3] Plaintiff alleges that he was incarcerated at the Montgomery County Jail when the events giving rise to the Complaint occurred. It is not clear whether Plaintiff was a pretrial detainee, rather than a convicted prisoner, at the time giving rise to the allegations in his Complaint. That distinction, however, at least with regard to Plaintiff's medical care claims, is not critical here. "Under the Fourteenth Amendment due process clause, 'pretrial detainees

6

'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

Plaintiff has alleged a serious medical condition. However, he has failed to name a defendant that knew of and disregarded an excessive risk to his health or safety. Plaintiff alleges that "the defendants" were grossly negligent. However, gross negligence is insufficient to state an Eighth Amendment claim. *See Estelle*, 429 U.S. at 105–06 (a negligence claim does not state a valid Eighth Amendment claim and medical malpractice does not become a constitutional violation merely because the victim is a prisoner). Plaintiff's allegations of denial of medical

---

are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates' under the Eighth Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985)).

care are subject to dismissal for failure to state a claim. Such allegations do not rise to the level of a claim of cruel and unusual punishment under the Eighth Amendment; and are, at most, grounds for a negligence or malpractice claim in state court.

## IV.  Motion for Subpoena

Plaintiff filed a Motion for Court Order to Subpoena (Doc. 12), requesting this issuance of a subpoena to the Montgomery County Sheriff's Department and the Montgomery County Jail Clinic, to "reveal the name of the Health Care Organization that contracts the medical/health care with the Montgomery County Sheriffs/Jail, back on January of 2016, so their name can be added in an amended complaint to the lists of Defendants." (Doc. 12, at 2.) The Court denies the motion without prejudice.

## V.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[4] Plaintiff is given time to file a complete and proper Amended Complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional

---

[4] In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3013-SAC) at the top of the first page of his Amended Complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Court Order to Subpoena (Doc. 12) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **May 28, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **May 28, 2018**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 27th day of April, 2018.**

>     s/ Sam A. Crow
>     **Sam A. Crow**
>     **U.S. Senior District Judge**